FORRESTER BOX CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 30389. Promulgated January 11, 1932.

*Henry J. Plagens, Esq.*, for the petitioner.
*Frank B. Schlosser, Esq.*, for the respondent.

OPINION.

LANSDON: The respondent has asserted deficiencies in income tax for 1923, 1924 and 1925 in the respective amounts of $1,411.20, $1,675.77 and $1,755.23. The deficiencies arise from the respondent's action in disallowing a deduction of $102,449.47 alleged to represent a loss from the disposition, in 1923, of certain notes receivable and in refusing to carry forward an alleged net loss to the two succeeding taxable years. The evidence offered consists of a stipulation of facts, with exhibits attached thereto, and certain testimony taken in *D. Bruce Forrester et al.*, 12 B. T. A. 104.

The petitioner is a Missouri corporation organized on December 5, 1922, with an authorized capital stock of the par value of $60,000. On December 8, 1922, it entered into an agreement with the Forrester-Nace Box Company, which provides in part as follows:

Whereas a plan of reorganization was set out in the minutes of a special meeting of the stockholders and directors of Forrester-Nace Box Company on December 4th, 1922, and

Whereas a part of said plan was to convey to Forrester Box Company the following described real estate: (Description follows) and open accounts of indebtedness owed by William S. Forrester, Bruce E. Nace and D. Bruce Forrester, and also other accounts and personal property, and

Whereas Forrester Box Company has been incorporated pursuant to such plan of reorganization, and

Whereas Forrester-Nace Box Company did, on the 7th day of December, 1922, convey to Forrester Box Company the above described real estate and the building on said land and the equipment and fixed machinery therein contained, and

Whereas Forrester Box Company is to receive, and Forrester-Nace Box Company does by this instrument convey to Forrester Box Company, other personal property, and

Whereas Forrester Box Company assumes certain obligations of Forrester-Nace Box Company to the end that such reorganization may be effected;

Now, therefore, it is agreed and understood that Forrester-Nace Box Company, by this instrument, does convey to Forrester Box Company all of its personal property, including book accounts and indebtedness of whatsoever kind or character, together with that certain fixtures, machinery and equipment listed and described in a certain inventory consisting, in addition to the index, of ninety-eight sheets numbered 0001 to 0098, both inclusive, and initialed by Bruce E. Nace (B. E. N.) and Paul E. Duzeski (P. E. D.), except the machinery and equipment and all other property listed and described under groups 3, 4 and 5 of said inventory and except the wirebounds license between 4-one Box Machine Makers (then known as Wirebounds Corporation), Wirebounds Patents Company and Forrester-Nace Box Company, dated April 1, 1916, and certain agreement between Box Patents Corporation and one share of stock in said latter corporation and except the property and assets of the Forrester-Nace Box Company, consisting of the following items as of February 28, 1922;

| | |
|---|---:|
| Cash on hand | $100. 00 |
| U. S. Liberty Bonds | 100. 00 |
| Accounts Receivable | 27, 320. 72 |
| Inventory | 65, 840. 70 |
| Advance payments on mdse | 6, 764. 17 |
| Prepaid fire insurance | 3, 055. 45 |
| Cash value of life ins. net | 2, 577. 59 |
| Total | 105, 858. 63 |

And Forrester Box Company, in consideration of said conveyance and for the purpose of reorganization, assumes and agrees to pay all of the obligations of Forrester-Nace Box Company as disclosed by the books of Forrester-Nace Box Company at the close of business February 28, 1922, except certain accounts payable amounting to Nine Hundred Twenty-nine & 27/100 ($929.27) Dollars and for reservation for federal and state income taxes amounting to Nine Thousand Nine Hundred Sixteen & 44/100 ($9,916.44) Dollars, all as of February 28th, 1922, as referred to in Exhibit C attached to a certain agreement bearing date of December 8th, 1922, executed by and between Bruce E. Nace, William S. Forrester, D. Bruce Forrester, Forrester Box Company and General Box Corporation.

\*        \*        \*        \*        \*        \*        \*

Pursuant to the above agreement the petitioner transferred its entire authorized capital stock to the stockholders of the Forrester-Nace Box Company. On December 8, 1922, the petitioner leased its plant and equipment to the Forrester-Nace Box Company for a period of ten years, on an annual rental basis, and, simultaneously, the stockholders of the Forrester-Nace Box Company exchanged their stock in that corporation for stock of the General Box Corporation.

The Forrester-Nace Box Company is a Missouri corporation organized on January 7, 1901. Its outstanding capital stock of a par value of $100,000 was owned by Bruce E. Nace, W. S. Forrester and D. Bruce Forrester, who were president, vice president and general manager, respectively. Prior to the transfer of certain of its assets

**130**

to petitioner, the Forrester-Nace Box Company had purchased stock in a Kansas corporation, the Empire Development Company, and had advanced certain amounts to it for working capital, taking promissory notes therefor. Because of charter restrictions and on the advice of counsel, the investment in the Empire Development Company was carried on the books of the corporation under the caption " B. E. Nace and D. Bruce Forrester-Empire Development Company." The promissory notes were payable to the individuals.

Included in the assets transferred to the petitioner on December 8, 1922, was the " B. E. Nace and D. Bruce Forrester-Empire Development Company " account, which had a debit balance of $81,233.16. On February 5, 1923, the board of directors of petitioner adopted a resolution accepting the promissory notes executed by the Empire Development Company to B. E. Nace and D. Bruce Forrester, of a face value of $115,785.14, in full settlement of the above account receivable from the officers and certain other personal accounts receivable from officers. The proper book entries were made, pursuant to the resolution, and the notes were endorsed, without recourse, to the petitioner. On November 26, 1923, petitioner disposed of such notes, and of capital stock of the Empire Development Company having a par value of $140,993, to one Evans, who agreed to assume certain obligations of the Empire Development Company, on which Nace and Forrester were guarantors, in the amount of $46,664.33, and to pay $13,335.67 in cash to the petitioner.

We have heretofore held, in *D. Bruce Forrester, supra,* that the investment in the Empire Development Company, which was carried as an officers' account receivable of the Forrester-Nace Box Company, was, at all times, the investment of that corporation and that the officers were merely a conduit through which the corporation made and carried the investment. The promissory notes were, then, the corporation's property and when the petitioner acquired the officers' accounts receivable in exchange for stock it in fact acquired the promissory notes held by the officers. The transactions of February 5, 1923, by which the notes were substituted for the account were merely book entries giving effect to the existing facts.

If the Forrester-Nace Box Company had sustained the loss here claimed, there could be no doubt of its allowance. We have, however, a transaction between the Forrester-Nace Box Company and the petitioner, which may change the basis for computing the loss upon disposition of the notes by petitioner. If petitioner acquired the notes pursuant to a plan of reorganization under section 202 of the Revenue Act of 1921, the basis would be the same as it was in the hands of the Forrester-Nace Box Company and petitioner would be entitled to the loss. If notes were acquired by purchase, then the basis for computing any loss sustained is cost to the petitioner.

We are of the opinion that the transactions by which petitioner took over a part of the assets and liabilities of the Forrester-Nace Box Company do not constitute a reorganization within the meaning of section 202 of the Revenue Act of 1921. See also article 1566 (b) of Regulations 62. There was no merger or consolidation of the petitioner and the Forrester-Nace Box Company, nor were their properties united. A portion of the properties of the Forrester-Nace Box Company was transferred to the petitioner in consideration of the transfer of petitioner's stock to the stockholders of the former and the assumption by petitioner of certain liabilities of the former. The Forrester-Nace Box Company is still in existence and, as a subsidiary of the General Box Corporation, is the operating lessee of petitioner's plant and equipment. We think the petitioner purchased the assets acquired from the Forrester-Nace Box Company, making payment therefor with its capital stock.

Section 202 (a) of the 1921 Act provides that the basis for ascertaining gain or loss upon the sale or other disposition of property shall be the cost of such property. There being no evidence in the record to show the value of the stock paid for the notes, we can not determine the amount of the loss, if any, sustained by petitioner.

*Decision will be entered for the respondent.*